## TAH DO QUAH v. STATE.

No. A-9200.    July 16, 1937.
(70 Pac. 2d 820.)

McFadyen & McFadyen, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of second-degree forgery, convicted and sentenced to serve a year in the state penitentiary. The record was properly preserved, and defendant has appealed.

The testimony of the state shows that G. C. Bauman was the manager of the Bauman Grocery Company, of Anadarko, Okla.; that a ticket or order for $25 in merchandise purporting to be signed by W. E. McCowan, superintendent of the Kiowa Agency, on or about the 20th of August, 1935, was presented to him by the defendant; that the name of W. E. McCowan was forged to the order; that the defendant procured on said order $10.08 worth of groceries, and $2 in cash.

Superintendent W. E. McCowan, of t h e K i o w a Agency, testified the name signed to the order was not his name or that he authorized any one to sign it.

The defendant, testifying in his own behalf, admitted he was a member of the Comanche Tribe of Indians, and his family consisted of his wife and children and his mother; that he lived 2½ miles east of Fletcher, in Comanche county, on a farm; that he tried to get work at different places, that he was hard up, almost on starvation; that his immediate family owned 500 acres of land. "I got those blanks at the agency and took them

down home and filled them out and got the groceries and $2.00 in cash; I got both the orders the same day; I signed McCowan's name to this one. My reason for signing his name was to get some groceries. I had back rents and went to the office and they laughed at me; I talked with Mr. Gillette and Mr. McCowan and they both turned me down. I went to the renter and he promised to send me the money on the 10th of August, and I waited for the money until that time."

The defendant admits signing the name of the superintendent to the order introduced in evidence, and testified to by Superintendent McCowan.

Several errors have been assigned by the defendant, which errors have been carefully considered for the reason that the record discloses a pitiful condition of the defendant, showing him to be an Indian of limited experience, and, as shown by the testimony which is uncontradicted by the state, the defendant tried to get work to provide for his family; that his family had a 500-acre farm which was under the supervision of the agency; his tenant was behind with his rent, and that the defendant in his desperation violated the laws of his country, and does not deny it. The record clearly shows the defendant was not a criminal at heart; that he was tempted and without authority of the superintendent forged the name of McCowan, superintendent of the Kiowa Agency, and procured a small amount of groceries and $2 in cash. The evidence is sufficient to sustain a conviction.

Section 3204, O. S. 1931 (22 Okla. St. Ann. § 1066), is as follows:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case, the cause must

be remanded to the court below, with proper instructions, and the opinion of the court, within the time, and in the manner, to be prescribed by rule of the court."

After a careful consideration of the circumstances and evidence contained in the record, we believe the punishment of one year in the state penitentiary imposed upon the defendant is excessive, and should be modified from one year to 60 days, and, as modified, the judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.